IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ROBERT EUGENE REAGAN, )<br>(ID # 1415805), )<br>          Petitioner, )<br>)<br>v. )<br>)<br>WILLIAM STEPHENS, )<br>Texas Department of Criminal )<br>Justice, Correctional Institutions Division, )<br>          Respondent. ) | No. 3:14-CV-02913-P (BH)<br><br><br><br>Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the petition should be denied without prejudice to the petitioner's right to file a motion for leave to file a successive § 2254 petition in the United States Court of Appeals for the Fifth Circuit.

### I.  BACKGROUND

Robert Eugene Reagan (Petitioner ), an inmate currently incarcerated in the Texas Department of Criminal Justice-Correctional Institutions division (TDCJ-ID), filed a petition for writ of habeas corpus pursuant to 28 U.S.C § 2254 in the United States District Court for the Eastern District of Texas. The petition was transferred to this district by order dated July 21, 2014. The respondent is William Stephens, Director of TDCJ-ID.

Petitioner challenges his conviction and twenty-year sentence of imprisonment in cause number F40529 in the 249th Judicial District Court in Johnson County, Texas, for aggravated assault on a public servant. (Pet. at 2-4.)  He did not appeal his conviction. (Pet. at 3).  He filed a state application for writ of habeas corpus that was ultimately denied without written order by the Texas Court of Criminal Appeals. *See Ex parte Reagan*, No. WR-76,547-01 (Tex. Crim. App. Nov. 8, 2011).

Petitioner acknowledges that he previously filed another petition for relief under 28 U.S.C. § 2254 challenging this same conviction and sentence. (Pet. at 8). That prior petition was dismissed with prejudice as time-barred in 2012. *Reagan v. Thaler,* No.3:14-CV-2070 (N.D. Tex. October 11, 2012). Petitioner did not seek a certificate of appealability.

## II. SUCCESSIVE PETITION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") limits the circumstances under which a state prisoner may file a second or successive application for habeas relief in federal court. In general, a later petition is successive when it raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition or otherwise constitutes an abuse of the writ. *Leal Garcia v. Quarterman*, 573 F.3d 214, 222 (5th Cir. 2009); *Crone v. Cockrell*, 324 F.3d 833, 836-37 (5th Cir. 2003). When a petition is second or successive, the petitioner must seek an order from the Fifth Circuit that authorizes this Court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A). Failure to obtain an order from the court of appeals authorizing the review of a successive petition deprives the district court of subject matter jurisdiction. *Crone,* 324 F.3d at 838. Importantly, it is the "petitioner's failure to seek authorization from an appellate court before filing a second or successive habeas petition [that] 'acts a jurisdictional bar.'" *See Williams v. Thaler,* 602 F.3d 291, 301 (5th Cir. 2010) (quoting *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000)).

"[A] prisoner's application is not second or successive simply because it follows an earlier federal petition." *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998). The Fifth Circuit has held that "a petition is successive when it ' 1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ.'" *Hardemon v. Quarterman*, 516 F.3d 272, 275 (5th Cir. 2008) (citing *Cain,* 137 F.3d at 235)).

Petitioner's claim that his counsel provided ineffective assistance arises from facts that were

2

known to him when he filed the prior petition. Because the petition is successive, this Court is without jurisdiction to entertain it unless leave to file is granted by the Fifth Circuit. *See Crone, supra.* It should therefore be dismissed. *See generally Patterson v. Miller,* No.3:04-CV-0628-K, 2004 WL 743697, at *2 (N.D. Tex. April 2, 2004)(noting that when petitioner files successive petition in district court without complying with 28 U.S.C. § 2244(b)(3), the court may in its discretion, transfer or dismiss the case) (citing *In re Epps,* 127 F.3d 364, 365 (5th Cir. 1997), *rep. and rec. adopt'd,* 2004 WL 941897(April 21, 2004).

### III. CERTIFICATE OF APPEALABILITY

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Fed. R. App. P. 22(b). Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing Section 2254 Proceedings In The United States District Courts, Rule 11(a) (December 1, 2009). The COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C.A. § 2253(c)(2) (West 2006). A petitioner satisfies this standard by showing "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists of reason could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 326 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Upon review and consideration of the record in the above-referenced case as to whether Petitioner has made a showing that reasonable jurists would question this Court's rulings, it is apparent he has not and that a certificate of appealability should not issue for the reasons stated in this order. *See* Fed. R. App. P. 22(b); *see also* 28 U.S.C.A. § 2253(c)(2) (West 2006).

## IV. RECOMMENDATION

This petition for writ of habeas corpus under 28 U.S.C. § 2254 should be **DISMISSED WITHOUT PREJUDICE** to Petitioner's right to file a motion for leave to file a successive § 2254 petition in the United States Court of Appeals for the Fifth Circuit, and a certificate of appealability should not issue.

**SO ORDERED** this **25th day** of **August, 2014.**

*(signature)*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*(signature)*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE